UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EARNEST FREEMAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>U.S. DEPARTMENT OF LABOR,<br><br>　　　　Defendants. | Case No:  C 10-4500 SBA<br><br>Related to:<br>C 02-1051 SBA<br><br>**ORDER DISMISSING ACTION** |

　　　　Pro se Plaintiff Earnest Freeman filed the instant action in this Court on October 5, 2010, against the United States Department of Labor's Office of Workers' Compensation Programs, seeking to recover disability benefits.  On February 24, 2011, Defendant filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), which it noticed for hearing on May 24, 2011.  Dkt. 19.  Under Local Rule 7-3, any opposition or statement of non-opposition should have been filed by May 3, 2011, which is twenty-one days before the noticed hearing date.  Paragraph 8 of the Court's Standing Orders expressly warns as follows:  "**Effect of Failing to Oppose a Motion**:  The failure of the opposing party to timely file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion."  Dkt. 17 at 3.  Notwithstanding the requirements of Civil Local Rule 7-3, and the Court's warning, Plaintiff has filed nothing in response to Defendant's motion to dismiss.

　　　　"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet  963 F.2d 1258, 1260 (9th Cir. 1992).  As such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is grounds for dismissal.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  "In determining whether to dismiss a

claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in the instant case, where Plaintiff has had ample opportunity to prepare and file a response to Defendant's motion.

The second factor also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at, 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiff has offered no explanation for their failure to respond nor is any apparent from the record. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the unopposed motion. "[A] district court's warning to a party that failure to

obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

## I. CONCLUSION

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of granting Defendant's unopposed motion and dismissing the action in its entirety. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). Accordingly,

IT IS HEREBY ORDERED THAT Defendant's unopposed motion to dismiss is GRANTED, and the instant action is DISMISSED WITH PREJUDICE. The Clerk shall close the file and terminate all pending matters and deadlines. The hearing scheduled for May 24, 2011, and the Case Management Conference scheduled for July 13, 2011, are VACATED.

IT IS SO ORDERED.

Dated: May 24, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1
2  UNITED STATES DISTRICT COURT
   FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

4  EARNET FREEMAN,

5          Plaintiff,

6    v.

7  U.S. DEPARTMENT OF LABOR et al,

8          Defendant.
                                    /
9

10                                     Case Number: CV10-04500 SBA

11                                     **CERTIFICATE OF SERVICE**

12

13 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

14 That on May 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15 said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.
16

17

18 Earnest Freeman
   8716 MacArthur Blvd.
19 Apt. #3
   Oakland, CA 94606
20

21 Dated: May 25, 2011
                                       Richard W. Wieking, Clerk
22
                                            By: LISA R CLARK, Deputy Clerk
23

24
25
26
27
28

- 4 -